UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS EDUARDO PRADA BLANCO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1639-X-BT |
| | § | |
| WARDEN, PRAIRIELAND DETENTION CENTER, | § | |
| | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Luis Eduardo Prada Blanco filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241 challenging his detention pending removal proceedings.[1] For the following reasons, the Court **DENIES** Petitioner's habeas petition.[2]

## I. Background

Petitioner, a native and citizen of Venezuela, entered the United States on or about April 4, 2022.[3] In 2022, the United States charged him with being inadmissible under 8 U.S.C. section 1182(a)(6)(A)(i) and placed him into removal proceedings; however, he was subsequently released from custody pursuant to the Department of

[1] Doc. 1.

[2] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of those circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested can no longer be effected).

[3] Doc. 1 at 13.

Homeland Security's (DHS) discretionary parole authority.[4] On March 30, 2026, Immigration and Customs Enforcement (ICE) re-detained Petitioner under 8 U.S.C. section 1225(b)(2)(A) as part of his removal proceedings.[5] On May 11, 2026, an immigration judge ordered Petitioner's removal.[6] Petitioner appealed the removal order to the Board of Immigration Appeals, and his appeal remains pending.[7]

On May 19, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241.[8] He argues that his "[u]nlawful and prolonged" confinement under section 1225(b)(2)(A) without a bond hearing to assess his flight risk or danger to the community violates the Fifth Amendment's Due Process Clause.[9] He argues that his "sudden detention without any material change in circumstances is arbitrary and unjustified."[10] Respondent—the Warden of the Prairieland Detention Center—argues that Petitioner is properly detained without a bond hearing under section 1225(b)(2)(A) and that this detention does not violate the Due Process Clause.[11]

## II. Legal Standard

To be entitled to a writ of habeas corpus under 28 U.S.C. section 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or

---

[4] Doc. 10 at 2; Doc. 10-1; 8 U.S.C. § 1182(d)(5).

[5] Doc. 1 at 2, 6.

[6] Doc. 10-3.

[7] *Id.*

[8] Doc. 1.

[9] *Id.* at 6.

[10] *Id.* at 7.

[11] Doc. 10.

treaties of the United States."[12] The great writ is reserved for fundamental defects resulting in a complete miscarriage of justice or wholly inconsistent with the demands of fair procedure.[13] This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired."[14] The petitioner has the burden to demonstrate that a constitutional violation has occurred.[15]

## III. Analysis

Petitioner claims his detention under 8 U.S.C. section 1225(b)(2)(A) is unlawful.[16] But binding Fifth Circuit precedent forecloses his claims.

Petitioner fails to show that his detention under section 1225(b)(2)(A) violates the Immigration and Nationality Act (INA). He is an applicant for admission under section 1225(a)(1) because he is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."[17] Accordingly, the INA requires the government to detain him without bond pending the conclusion of his removal proceedings.[18] Thus, if Petitioner challenges his detention under the INA, such claim fails.

Petitioner's Due Process Clause claim fails as well. The Fifth Circuit recently issued its en banc opinion in *Rodriguez v. Vergara*, holding that detention without a

---

[12] 28 U.S.C. § 2241(c)(3).

[13] *See Hill v. United States*, 368 U.S. 424, 428 (1962).

[14] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

[15] *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000).

[16] Doc. 1 at 6-7.

[17] 8 U.S.C. § 1225(a)(1).

[18] *Id.* § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding section 1225(b)(2)(A) "unambiguously provides for mandatory detention").

bond hearing under section 1225(b)(2)(A) does not violate procedural or substantive due process, "[s]o long as an alien's detention pending removal has a definite termination point—removal or release."[19] Petitioner has not established that his detention lacks a definite termination point. Accordingly, Petitioner's Due Process Clause claim fails.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Luis Eduardo Prada Blanco's habeas petition. A separate judgment will issue.

**IT IS SO ORDERED** this 10th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[19] __ F.4th __, No. 26-50183, 2026 WL 3181188, at *13–14, (5th Cir. Oct. 23, 2026) (en banc) (cleaned up).